```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


BAPTISTE CHISESI, JR., BRETT              CIVIL ACTION
CHISESI, BRYAN CHISESI,
CHISESI HOLDINGS, LLC, THE
SUCCESSION OF BAPTISTE
CHISESI, SR., & JERRY ANN
CHISESI

VERSUS                                    NO: 10-251


PHILIP N. CHISESI, CHISESI                SECTION: "A" (4)
BROTHERS MEAT PACKING CO.,
INC., & CHISESI BROTHERS
MEAT PACKING COMPANY, LLC
```

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Baptiste Chisesi, Jr., Brett Chisesi, Bryan Chisesi, Chisesi Holdings, LLC, the Succession of Baptiste Chisesi, Sr., and Jerry Ann Chisesi. Defendants Philip N. Chisesi, Chisesi Brothers Meat Packing Co., Inc., & Chisesi Brothers Meat Packing Company, LLC. oppose the motion. The motion, set for hearing on March 17, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the motion to remand is GRANTED. The request for attorney's fees and costs is DENIED.

I.  **BACKGROUND**

On November 1, 2005, Chisesi Brothers Meat Packing Co., Inc.

1

("Chisesi Brothers"), a defendant herein, filed a verified complaint seeking *inter alia* emergency injunctive relief against Baptiste Chisesi, Jr., Bryan Chisesi, Brett Chisesi, and Chisesi Holdings, LLC.  This lawsuit was allotted to Section A as Civil Action 05-5224.  Chisesi Brothers filed CA05-5224 to prevent Baptiste Chisesi, Jr., Bryan Chisesi, and Brett Chisesi from selling competing meat products through their company, Chisesi Holdings, LLC.  Chisesi Brothers is a closely-held corporation and at the time of the complaint Philip N. Chisesi owned 50 percent of the business.  The other 50 percent had been owned by Baptiste Chisesi, Sr. prior to his death--Baptiste Chisesi, Jr., Bryan Chisesi, and Brett Chisesi were his sons and had worked for the company prior to his death.  Baptiste Chisesi, Sr.'s one-half interest was subject to a stock redemption agreement and according to Philip N. Chisesi he had expressed his intention to exercise his option under that agreement to acquire 100 percent of the outstanding shares of stock in Chisesi Brothers.

In Civil Action 05-5224, Chisesi Brothers alleged trademark infringement and dilution pursuant to the Lanham Act, 15 U.S.C. § 1125 against Baptiste Chisesi, Jr., Bryan Chisesi, Brett Chisesi, and Chisesi Holdings, LLC (hereinafter "the Chisesi heirs"), as well as violations of state law.[1]  Because the verified complaint

---

[1] The complaint alleged violations of the Louisiana Trade Secrets Act, the Louisiana Unfair Trade Practices Act, and Louisiana tort law.

sought emergency injunctive relief the Court held a status conference on the same day that Chisesi Brothers filed the complaint. Both sides were represented by counsel. Three days later, on November 4, 2005, the parties and their counsel participated in a principals settlement conference and at that conference the parties were able to amicably resolve their differences.

The terms of the sealed settlement were recited in open court and the permanent injunction was issued as prayed for. The settlement included various compromises and concessions by both sides, some of which pertained to the Succession of Baptiste Chisesi, Sr. even though the Succession was not a party to CA05-5224. Of particular relevance to the matter currently before the Court, the Succession agreed to accept $1.5 million from Philip N. Chisesi and Chisesi Brothers to in essence "buy out" the Chisesi heirs. The Court then immediately dismissed the action while retaining jurisdiction to enforce the settlement for a period of 60 days. (Rec. Doc. 6). On January 24, 2006, the parties forwarded to the Court for signature a consent judgment capturing the terms of the settlement agreement and on January 25, 2006, the Court entered that judgment into the record.

On December 15, 2009, the Chisesi heirs, who were the original defendants from CA05-5224, along with the Succession of Baptiste Chisesi, Sr. and Jerry Ann Chisesi (collectively

"Plaintiffs") filed suit in Orleans Parish against Chisesi Brothers, Philip N. Chisesi, and Chisesi Brothers Meat Packing Co., LLC (collectively "Defendants"). The crux of that petition is that Philip N. Chisesi misrepresented the value of Chisesi Brothers and its properties at the time that the parties compromised CA05-5224. In particular, Plaintiffs complain that Philip N. Chisesi intentionally withheld that the company had pending about $6 million in Hurricane Katrina insurance claims. Plaintiffs contend that in the absence of full knowledge regarding these pending claims, they sold their interests in the Chisesi companies for less than half of the fair market value of those assets. Plaintiffs contend that the sale was lesionary and constitutes lesion beyond moiety and they demand rescission of the sale of their interests and an accounting. Plaintiffs contend that Philip N. Chisesi's conduct was fraudulent, a breach of his fiduciary duty to the plaintiffs, and a violation of the Louisiana Unfair Trade Practices Act. Plaintiffs also seek enforcement of other aspects of the CA05-5224 consent judgment.

The state court judge set a show cause hearing for February 5, 2010, on Plaintiffs' request for an injunction to prevent Defendants from further disposing of any Chisesi Brothers assets and/or from expending any of the insurance proceeds at issue-- proceeds to which Plaintiffs claim that they rightfully had an interest. On January 19, 2010, Chisesi Brothers came to this

Court and filed a motion to enforce judgment in CA05-5224 asking this Court to enjoin the state court proceedings on an expedited basis. On January 25, 2010, the Court denied the request for expedited relief explaining the Court's likely inability to enjoin the state court proceedings in light of the narrow scope of the Anti-Injunction Act's relitigation exception. (CA05-5224, Rec. Doc. 11). At the parties' request the motion to enforce was reset for hearing on March 17, 2010, and is being dealt with separately.[2]

With injunctive relief from this Court seeming unlikely, on January 29, 2010, Chisesi Brothers then removed the state court action to this Court as the instant Civil Action 10-251. The sole basis for removal cited in the Notice of Removal is Defendants' contention that because the Court exercised federal question jurisdiction over CA05-5224, the Court now has jurisdiction to preserve the integrity of the consent judgment issued by the Court in CA05-5224. (Ntc. Rem. ¶ 7). Citing Regions Bank of Louisiana v. Rivet, 224 F.3d 483 (5th Cir. 2000), Defendants contend that the Fifth Circuit has specifically recognized that a federal district court can exercise ancillary jurisdiction over a second action in order to secure or preserve

---

[2] The motion to enforce was held in abeyance while CA10-251 has been pending in this Court. The motion to enforce is being ruled upon via a separate order entered into the record in the case in which it was filed, CA 05-5224.

a judgment rendered by the Court in a prior judgment. (<u>Id.</u>) Defendants contend that the state court action clearly involves allegations that were already decided by this Court thereby making this Court the appropriate authority to consider any issues arising under the consent judgment. (<u>Id.</u> ¶ 8). Defendants add that it was entirely inappropriate for the Plaintiffs to have instituted state court proceedings in connection with the consent judgment. (<u>Id.</u>).

Plaintiffs now move to remand CA10-251 to state court arguing that the removal was untimely and alternatively that the Court lacks subject matter jurisdiction because the petition does not raise any issues of federal law. Plaintiffs seek attorney's fees and sanctions against counsel for Defendants.

## II. **DISCUSSION**

At the outset, the Court finds it necessary to dispel some confusion about the issues currently before the Court. This Court is not concerned with whether the state court has the authority to nullify or vacate any part of the consent judgment entered in CA05-5224. The Court is not concerned with whether it would have had supplemental or ancillary jurisdiction over Plaintiff's suit if they had chosen to file it in federal court. The Court assumes for the sake of argument that it would have. Nor is the Court concerned with whether it would have had jurisdiction to grant Plaintiffs any of the relief they seek

pursuant to Rule 60(b)[3] had Plaintiffs chosen to move for such relief in CA05-5224. Again, the Court assumes for the sake of argument that it would have. Rather, the Court's sole concern, given that Plaintiffs elected to do neither but chose instead to file suit in state court, is whether the case is *removable* to federal court.

The general removal statute is found at 28 U.S.C. § 1441 and provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have **original** jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C.A. § 1441(a). Original jurisdiction, in non-maritime claims, lies where the conditions of either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity jurisdiction) are satisfied. Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). The right of removal is strictly a creature of statute and a suit commenced in state court must stay there until a basis for removal is shown under some act of Congress. Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great N.

---

[3] Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a judgment based on various grounds including fraud, newly discovered evidence, or any other reason that justifies relief. The rule also specifically acknowledges a party's right to seek such relief via an independent action as opposed to a motion filed in the original case. Fed. R. Civ. Pro. 60(d)(1).

7

R. Co. v. Alexander, 246 U.S. 276, 280 (1918)).  Thus, there can be no removal to federal court based on § 1441(a) in the absence of original jurisdiction whether based on diversity or federal question.[4]

Defendants do not allege original jurisdiction in their Notice of Removal.  Ancillary jurisdiction was the sole jurisdictional basis alleged but supplemental or ancillary jurisdiction is not original jurisdiction and therefore cannot confer removal rights.  Syngenta, 537 U.S. at 34.  In fact, the Supreme Court has expressly rejected removal based on ancillary jurisdiction.

In Syngenta Crop Protection, Inc. v. Henson, the defendant removed a state court action whose prosecution specifically contradicted a stipulation that the plaintiff had agreed to as part of the settlement of a prior federal lawsuit.  The federal district court had expressly retained jurisdiction over the federal settlement.  Syngenta, 537 U.S. at 33-34.  The Supreme Court recognized that the federal court had ancillary jurisdiction over any claims arising under the settlement but the Court refused to expand removal beyond the strict dictates of the statute which requires original jurisdiction.  Id. at 34. Therefore, even though the state court suit was likely a direct

---

[4] Defendants do not contend that diversity jurisdiction is present because the parties are not completely diverse in citizenship.

8

attack on the terms of the prior federal settlement, removal was nevertheless inappropriate.

<u>Syngenta</u> implicitly overrules <u>Manges v. McCamish, Martin, Brown & Loeffler</u>, 37 F.3d 221 (5th Cir. 1994), which Defendants cite to the Court for authority to remove based on ancillary jurisdiction. And <u>Regions Bank of Louisiana v. Rivet</u>, upon which Defendants also rely, was a case of ancillary jurisdiction based on an action filed in federal court not one removed from state court.[5] 224 F.3d at 487. The error in Defendants' position is that they assume that any case that could have been brought in federal court, <u>i.e.</u>, one subject to ancillary jurisdiction, is removable to federal court. But <u>Syngenta</u> belies that assertion and clarifies that removal requires original jurisdiction. And original jurisdiction does not necessarily exist simply because a federal court would have had subject matter jurisdiction to entertain the case had it been brought in federal court.[6]

Defendants argue in their opposition memorandum that the state petition alleges claims under federal law thereby creating

---

[5] Prior to filing suit in federal court the defendants in <u>Regions Bank</u> had removed the state court action. The Supreme Court ordered that the case be remanded to state court because claim preclusion by reason of a prior federal judgment is a defensive plea that does not provide a basis for removal. <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 478 (1998).

[6] As an aside, removal is not necessarily available even where original jurisdiction exists if it is grounded on the Court's admiralty or maritime jurisdiction. <u>See</u> <u>Tenn. Gas Pipeline v. Houston Cas. Ins. Co.</u>, 87 F.3d 150 (5th Cir. 1996).

9

original federal question jurisdiction. No allegation of federal question jurisdiction was made in the Notice of Removal and most courts in this jurisdiction recognize that a party may not amend its removal notice to assert a new ground for removal once the thirty-day removal period has expired. Manzella v. United Parcel Service, Inc., No 02-1800, 2002 WL 31040170 (E.D. La. Sept. 10, 2002). Nonetheless, the state petition unequivocally does not state a claim that arises under federal law. None of the cases cited by Defendants, including Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), stand for the proposition that a claim arising from a prior federal judgment arises "under the Constitution, laws, or treaties of the United States"--which 28 U.S.C. § 1331 requires for original federal question jurisdiction--so as to render a case removable. And Rivet forecloses the assertion that Plaintiffs' well-pleaded complaint states a claim under federal law simply because Defendants anticipate making a res judicata argument in state court based on the federal consent judgment. See note 5, supra.

Finally, even though Plaintiffs assert only state causes of action in their petition, Defendants contend that two references to "federal law" in the petition render the case removable. In Avitts v. Amoco Production Co., the Fifth Circuit rejected the contention that such oblique references to violations of federal law can create federal question jurisdiction when the allegations

do not support claims under any federal law.  53 F.3d at 693.
The references to "federal law" in Plaintiffs' petition are clearly stray, oblique references and they do not render this state law petition removable.

In sum, Plaintiffs' state law petition does not confer original jurisdiction in federal court.  Removal based on ancillary jurisdiction has been expressly rejected by the United States Supreme Court.  Removal was not proper and the motion to remand must be granted.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Baptiste Chisesi, Jr., Brett Chisesi, Bryan Chisesi, Chisesi Holdings, LLC, the Succession of Baptiste Chisesi, Sr., and Jerry Ann Chisesi is **GRANTED**.  This case is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.  The request for attorney's fees and costs is **DENIED**.

April 7, 2010

UNITED STATES DISTRICT JUDGE